PEOPLE *v.* LONGWELL.

INTOXICATING LIQUORS—SALES BY DRUGGISTS—QUANTITY.
Where respondent, who had duly qualified in a local option county as a druggist, made sales of intoxicating liquors in excess of three gallons, and of twelve quart bottles, for medicinal purposes and in good faith, and was informed against as a wholesaler, and convicted, under 2 Comp. Laws, § 5380, it was held that a druggist, in selling quantities, is not restricted to the limit prescribed for retailers.

Exceptions before judgment from Van Buren; Carr, J. Submitted February 26, 1904. (Docket No. 199.) Decided April 5, 1904.

E. B. Longwell was convicted of violating the local option law. Reversed.

*Sheridan F. Master* and *Thomas J. Cavanaugh,* for appellant.

*Charles A. Blair,* Attorney General, and *David Anderson,* Prosecuting Attorney, for the people.

HOOKER, J. The stipulated facts show that the defendant, a druggist who had given the bond required, made sales of intoxicating liquor in excess of three gallons, and of twelve quart bottles, for medicinal purposes, and in good faith. It is admitted that the sales were in every way lawful, unless by reason of the quantity. Having been convicted of violating the law in a local option county, he has brought the case here for review on exceptions before sentence.

The prosecutor claims that, in selling the quantities mentioned, he acted as and became a wholesaler of liquor, under 2 Comp. Laws, § 5380, being section 2 of the general liquor law, which says that persons who sell liquor by the drink, or in quantities of three gallons or less, or

one dozen quart bottles or less, at any one time, to any person or persons, shall be deemed retail dealers, while persons selling in quantities of more than three gallons, or twelve quart bottles, at one time, shall be deemed whole-sale dealers.

Section 1 of the same act (2 Comp. Laws, § 5379) provides for the payment of a tax by all persons whose business, in whole or in part, consists in selling liquor, and fixes the amount of such tax.   Section 3 of said act provides that:

"The penal provisions of this act shall not apply to druggists who sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with the law.   *   *   *   But such druggist shall be allowed to sell said liquors for medicinal, chemical, scientific, mechanical, and sacramental purposes only, without the payment of any tax specified in section one, and subject to the following restrictions and conditions."

There is nothing in this act which justifies the claim of the prosecution, viz., that the druggist is limited to selling quantities within the limit prescribed by the statute for retailers.

The conviction is reversed, and a new trial ordered.

The other Justices concurred.